```
FILED

SEP - 3 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  mam          DEPUTY
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WIRELESS FACILITIES, INC. SECURITIES LITIGATION, | Civil No. 04cv1589 NLS |
| Plaintiff, | **ORDER GRANTING JOINT MOTION, PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES** |
| v. | |
| This Document Relates to: | **ONLY, *CONDITIONALLY* APPROVING** |
| ALL ACTIONS. | **FORM AND MANNER OF NOTICE AND SETTING DATE FOR FINAL FAIRNESS APPROVAL HEARING** |

[Doc. No. 180]

Lead Plaintiffs Mitchell Gelnick and NECA-IBEW Pension Fund (NECA) and Defendants Wireless Facilities, Inc., Masood K. Tayebi, Massih Tayebi, Terry Ashwill, Daniel G. Stokely and Eric M. DeMarco filed a joint motion requesting (1) preliminary approval of the proposed settlement, (2) certification of the Settlement Class for settlement purposes only; (3) approval of the form and manner of giving notice of the proposed settlement to the Settlement Class; and (4) a date for the final fairness approval hearing (Joint Motion). This Court has reviewed all papers filed in support of the Joint Motion and for the reasons set forth below, **GRANTS** the Joint Motion and **LIFTS** the stay on proceedings.

### RELEVANT FACTS[1]

#### Procedural History.

Plaintiffs filed a securities class action against Defendants alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934. They allege Defendants violated securities laws by

---

[1]These facts are based on the statement of facts in the Joint Motion and the docket sheet.

1   making false statements to the investing public about the company's business and financial results.

2   These false statements allegedly caused the company stock to trade at artificially inflated levels from

3   May 5, 2003 to August 4, 2004 (Settlement Class Period).

4         The first complaints were filed August 5, 2004. Several actions were consolidated under this

5   lead case. On November 30, 2004, the Court appointed Dr. Bassam Yassine and John Boles as co-lead

6   plaintiffs,[2] and Coughlin Stoia Geller Rudman & Robbins LLP (Coughlin Stoia) and Schiffrin Barroway

7   Topaz & Kessler LLP (Schiffrin Barroway) as co-lead counsel (collectively, Plaintiffs' Lead Counsel).

8   Plaintiffs then filed a first amended consolidated class action complaint (FAC) on April 5, 2005.

9   Defendants moved to dismiss the FAC. Before the parties completed briefing the motion to dismiss, the

10  *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005) decision came down, and consequently, Plaintiffs

11  were allowed to file a second amended consolidated class action complaint (SAC) on June 9, 2005.

12  Defendants moved to dismiss the SAC. The court granted that motion on March 9, 2006, finding that

13  Plaintiffs failed to allege a strong inference of scienter. The court granted Plaintiffs leave to amend.

14  Plaintiffs filed a third amended consolidated class action complaint (TAC) on April 24, 2006. [Doc. No.

15  104.]

16        Defendants and then-defendant KPMG, LLP moved to dismiss the TAC on June 8, 2006. On

17  May 7, 2007, the Court issued an order denying Defendants' motions to dismiss but granting KPMG's

18  motion to dismiss. [Doc. No. 126.] Plaintiffs dismissed KPMG as a defendant on June 5, 2007. The

19  remaining Defendants answered the TAC, and the parties started formal discovery.

20        The TAC includes the following allegations. Before and during the Settlement Class Period,

21  Defendants directly participated in a pervasive and intentional accounting fraud that spanned over four

22  fiscal years and materially overstated the company's financial results in violation of Generally Accepted

23  Accounting Principles (GAAP) in order to bolster the stock price. TAC ¶ 2. Defendants admitted the

24  company materially overstated its earnings and income in the years 2000-2003 through at least nine

25  different accounting manipulations. *See* TAC ¶¶ 165-221. On August 4, 2004, when the company

26  reported results for the second quarter 2004, it announced it intended to restate its financial statements

27  _____

28      [2]On November 8, 2007, Yassine and Boles withdrew as lead plaintiffs for personal/health
reasons. The Court then appointed Gelnick and NECA as Lead Plaintiffs.

1   for 2000-2003 to accrue for certain foreign tax contingencies.  TAC ¶ 150.  It also stated it intended to

2   consider recording other adjustments related to various financial statement accounts that were previously

3   identified but had not been recorded.  *Id.*  On August 5, 2004, shares of Wireless common stock fell as

4   much as 33.95% and reached their 52-week low of $4.61.  TAC ¶ 151.

5          According to Plaintiffs, Defendants' improper accounting practices caused the stock to trade at

6   artificially inflated prices during the Settlement Class Period, when it reached as high as $18.60 per

7   share.  TAC ¶ 281.  During the Settlement Class Period, individual defendants Massih Tayebi, Masood

8   Tayebi and Ashwill sold 5,088,495 shares of Wireless common stock, at the artificially inflated prices,

9   for total proceeds of over $61.1 million.  TAC ¶¶ 270-275.

10  **Discovery and Settlement Negotiations.**

11         In investigating the prosecution of this case, Plaintiffs' Lead Counsel (1) reviewed Wireless'

12  SEC filings, annual reports and other public statements; (2) consulted with experts; (3) interviewed and

13  communicated with confidential witnesses; and (4) researched the law applicable to the asserted claims

14  and defenses in this case.  On January 10, 2008, the parties participated in a mediation with the

15  Honorable Daniel L. Weinstein (Ret.).  The parties exchanged mediation briefs and presented their

16  respective views regarding the merits of the action, including the claims, defenses and damages sought.

17  The parties did not reach a settlement during the mediation.  One week later, however, Judge Weinstein

18  issued a mediator's proposal to settle the case for $12 million in cash.

19         Plaintiffs' Lead Counsel concluded that the substantial expense and time necessary to prosecute

20  the action through trial, appeals and other potential proceedings, the significant uncertainties in

21  predicting the outcome of the litigation, and the substantial likelihood the Settlement Class would not

22  recover more than the recovery in the settlement, led them to conclude that the settlement was fair,

23  reasonable and adequate, and in the best interests of Lead Plaintiffs and the Settlement Class.  On June

24  13, 2008, the parties executed a Memorandum of Understanding that set forth the terms of the settlement

25  agreement.  The parties then negotiated the final details of the settlement agreement, and executed the

26  final stipulation regarding settlement on August 8, 2008.

27  / / /

28  / / /

**DISCUSSION**

**Rule 23 and Class Action Settlement.**

Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes. *See, e.g., Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003). A conditionally-certified class must still satisfy Rule 23(a) and (b) requirements. *See id.*

Deciding whether to approve a proposed class action settlement is generally a two-step process. At the preliminary approval stage, the court "should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." Fed. Judicial Ctr., Manual for Complex Litigation, § 21.633 (4th ed. 2004). The court then approves the form and manner of notice and sets a final fairness hearing, where it will make a final determination on the fairness of the class settlement. *See id.*

A court may approve a settlement that would bind class members only after a final fairness hearing and finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. Proc. 23(e)(2); *see Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). When approving a settlement, a court must ensure that notice is made in a "reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. Proc. 23(e)(1).

To make the ultimate determination of whether a settlement is fair, reasonable and adequate requires evaluating several factors, including:

> strength of plaintiff's case; the risk, expense[,] complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow sufficient discovery and genuine arms-length negotiations are presumed fair. *Nat'l Rural Telcoms. Coop. v. Directv, Inc.*, 2003 U.S. Dist. LEXIS 25375, *13 (C.D. Cal. 2004).

**Settlement Class Certification.**

A court must look at these factors when considering class certification and preliminary approval:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;

4

1     (3) the claims or defenses of the representative parties are typical of the
claims or defenses of the class; and

2     (4) the representative parties will fairly and adequately protect the interests
of the class.

3

4  Fed. R. Civ. Proc. 23(a).

5      In addition, the plaintiffs must establish one of the following: (1) there is a risk of inconsistent or

6  unfair adjudication if parties proceed with separate actions; (2) the defendant acted or refused to act on

7  grounds generally applicable to the class, making injunctive or declaratory relief appropriate to the class

8  as a whole; or (3) common questions of law or fact predominate and class resolution is superior to other

9  available methods for fair and efficient adjudication of the controversy. Fed. R. Civ. Proc. 23(b).

10      For the purpose of conditionally certifying the class for settlement purposes, the Court evaluates

11  the relevant factors under Rule 23.

12     **1.**    **Numerosity.**

13     The parties define the Settlement Class in the Stipulation as follows:

14        Lead Plaintiffs and all Persons who purchased or otherwise acquired
Wireless Securities during the period from and including May 5, 2003 to

15        August 4, 2004 and who were damaged thereby. Excluded from the
Settlement Class are Defendants, any entity in which the Defendants have

16        a controlling interest or that is a parent or subsidiary of or is controlled by
the Defendants, Defendants' officers and directors, including any person

17        who was an officer or director during the Settlement Class Period,
affiliates, legal representatives, heirs, predecessors, successors and/or

18        assigns.

19  Stipulation of Settlement, 1.27. The parties assert that millions of shares of Wireless common stock

20  were traded on the NASDAQ National Exchange during the Settlement Class Period. They estimate the

21  number of potential class members to be in the thousands, spread geographically throughout the United

22  States.

23      With the large potential number of claimants and their varied locations, the Court finds that

24  joinder of all these members would be impracticable, and that the numerosity requirement is satisfied.

25     **2.**    **Commonality.**

26     The predominant questions here concern:

27        (i)    whether the federal securities laws were violated by Defendants'
alleged acts;

28        (ii)   whether the Company's publicly disseminated releases and
statements during the Settlement Class Period omitted and/or

       misrepresented material facts;

(iii) whether the market prices of Wireless common stock during the Settlement Class Period were artificially inflated due to the material nondisclosures and/or misrepresentations complained of herein; and

(iv) whether the members of the Settlement Class have sustained damages and, if so, what is the appropriate measure of damages.

Joint Motion, pp.13-14. The Court finds the core issue here regards the acquisition of Wireless common stock at artificially inflated prices. The predominant questions listed above all relate to the core issue. These questions appear to be common to the proposed Settlement Class, which includes those damaged by the purchase or acquisition of Wireless common stock during the Class Period. Because these questions are common to the whole class, the Court finds that the commonality requirement is satisfied.

### 3. Typicality.

Lead Plaintiffs claim they purchased and/or acquired Wireless common stock at artificially inflated prices due to Defendants' conduct. As defined in the Stipulation, the parties define the proposed Settlement Class to include those who purchased and/or acquired Wireless common stock at artificially inflated prices due to Defendants' conduct. The proof Lead Plaintiffs would need to establish their claims would also prove the claims of the proposed Settlement Class. Lead Plaintiffs' injury would be common to the injury suffered by the class. There is no indication that Lead Plaintiffs have any unique defenses that could make them atypical members of the proposed Settlement Class. Because the claims of Lead Plaintiffs are typical of the claims of the proposed Settlement Class, the Court finds the typicality requirement satisfied.

### 4. Adequacy.

To determine whether Lead Plaintiffs will fairly and adequately protect the interests of the proposed Settlement Class, courts must consider: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003). Here, it does not appear that Lead Plaintiffs and their counsel have any conflicts of interest with other class members because the claims of Lead Plaintiffs are typical of the proposed Settlement Class. Plaintiffs' Lead Counsel has incentive to litigate for the best possible recovery for the entire proposed Settlement Class. The Court finds, therefore, that Lead Plaintiffs

1  adequately and fairly represent the interests of the proposed class and will vigorously prosecute the

2  action on its behalf.

3      **5.      Rule 23(b).**

4          Plaintiffs must establish one of the subparts listed in Rule 23(b).  Here, common questions of law

5  or fact predominate this action.  The same set of operative facts and a single proximate cause applies to

6  each proposed class member, because each class member purchased and/or acquired Wireless common

7  stock during the Settlement Class Period at alleged artificially-inflated prices.  They allege Defendants'

8  false and misleading statements and/or omissions inflated the prices, and that class members were

9  harmed as a result of Defendants' conduct.  If Lead Plaintiffs and class members each brought individual

10  actions, they would each be required to prove the same wrongdoing to establish Defendants' liability.

11  Further, should different courts determine these questions in separate suits, they would likely interpret

12  the facts and law differently, resulting in inconsistent and/or unfair rulings.  This Court finds that class

13  resolution of this action is superior to other available methods of adjudication of the controversy because

14  the claims of many individuals will be efficiently resolved at one time, eliminating the possibility of

15  repetitious litigation that would waste the parties' and the Court's resources.

16          The Court **GRANTS** a conditional certification of the class for the purpose of settlement.

17  **Preliminary Approval of Settlement.**

18          As explained above, the parties have shown that the proposed class satisfies the criteria of Rule

19  23(a) and at least one of subsection of Rule 23(b).  Further, they arrived at this proposed settlement after

20  briefing two rounds of motions to dismiss and a motion for class certification.  Plaintiffs' Lead Counsel

21  investigated the claims in the SAC and TAC, by way of interviews with multiple former Wireless

22  employees and consulted with liability and damages experts.  Plaintiffs' Co-Lead Counsel reviewed

23  thousands of pages of documents that Defendants produced in discovery.  Armed with this information,

24  the parties engaged in settlement negotiations over a total of six months.  They participated in a formal

25  mediation with retired Judge Daniel L. Weinstein.

26          Without making any determination of liability, it appears to the Court that plaintiffs have a viable

27  claim regarding the alleged securities fraud and Defendants have a viable defense against such claims.

28  Liability remains uncertain.  In light of this uncertainty, and based on the parties' perceived strengths and

1  weaknesses of the case, the parties have agreed to a settlement amount of $12,000,000 for the estimated

2  potential Settlement Class.

3        The Court finds that the proposed settlement did not result from collusion by the parties' counsel,

4  but from a thorough investigation and consideration of strengths and weaknesses in the case.  Both

5  parties' counsel are experienced in class actions, engaged in arms-length negotiations, weighed the

6  strengths and weaknesses of the case and examined the risks associated with litigation.  Both parties'

7  counsel consider the settlement fair and reasonable in light of the case's complexities, the state of the

8  law, uncertainties inherent in litigation and the positive result for the potential class members.  At this

9  preliminary approval stage, the Court finds that the proposed settlement is fair, adequate and reasonable.

10       The Court **GRANTS** preliminary approval of the proposed settlement.

11  **Proposed Form and Manner of Notice.**

12       Notice must be provided to a class in the best way practicable under the circumstances.  Fed. R.

13  Civ. Proc. 23(c)(2)(B).  The notice must clearly and concisely identify:

14                (i) the nature of the action;
                  (ii) the definition of the class certified;
15                (iii) the class claims, issues, or defenses;
                  (iv) that a class member may enter an appearance through an attorney if
16                the member so desires;
                  (v) that the court will exclude from the class any member who requests
17                exclusion;
                  (vi) the time and manner for requesting exclusion; and
18                (vii) the binding effect of a class judgment on members under Rule
                  23(c)(3).
19

20  Fed. R. Civ. Proc. 23(c)(2)(B).  The notice must also include an explanation of class counsel's interest in

21  the settlement.  *Staton v. Boeing Co.,* 327 F.3d 938, 963 (9th Cir. 2003).

22       Under the Private Securities Litigation Reform Act (PSLRA), every settlement notice must

23  include a statement explaining a plaintiff's recovery:

24                'The amount of the settlement proposed to be distributed to the parties to
                  the action, determined in the aggregate and on an average per share basis.'
25                15 U.S.C. § 78u-4(a)(7)(A). The notice must also include a statement of
                  'the average amount of damages per share that would be recoverable if the
26                plaintiff prevailed on each claim alleged.'  15 U.S.C. § 78u-4(a)(7)(B).

27  *In re Veritas Software Corp. Sec. Litig.,* 496 F.3d 962, 969 (9th Cir. 2007).

28  / / /

8                                                                              04cv1589 NLS

1    Here, the proposed form of notice attached as Exhibit A1 to the Stipulation of Settlement

2    summarizes the parties' claims and contentions and explains the proposed settlement and plan of

3    allocation, including the recovery amount to each class member if 100% of the Settlement Class submits

4    a claim.  It explains the amount of the Settlement–$12,000,000–to be distributed to the Settlement Class,

5    less Court-approved fees and expenses; the average distribution per share; attorneys fees (sought at 25%

6    of the Settlement Fund) and expenses (capped at $425,000) sought; the reimbursement of Class

7    Representatives for their reasonable time and expenses (including lost wages) sought (up to $2000);  the

8    name, telephone number and address of representatives of Plaintiffs' Lead Counsel who will be

9    reasonably available to answer questions from Settlement Class Members regarding the notice; the

10   Settlement Class Members' right to object to the Settlement or seek exclusion from the Settlement

11   Class; and the reasons why the parties propose the Settlement.  Plaintiffs' Lead Counsel will also use

12   reasonable efforts to give notice to nominee holders such as brokerage firms and other persons or entities

13   who purchased and/or acquired Wireless Securities during the Settlement Class Period as record owners

14   but not as beneficial owners.  This notice is to be mailed to potential class members and a summary

15   notice is to be published in the national edition of Investor's Business Daily.

16   The Court notes that one element is missing from the proposed notice, a statement of "the

17   average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim

18   alleged," as required by the PSLRA in 15 U.S.C. § 78u-4(a)(7)(B).  *See Veritas*, 496 F.3d 962.  The

19   Court **ORDERS** the parties to include a statement in the notice regarding the average amount of

20   damages per share that would be recoverable if the plaintiff prevailed on each alleged claim, so that the

21   potential claimants can compare the damages per share if the class prevailed at trial to the proposed

22   settlement recovery.  *See id.* at 969.  Including such information complies with the notice requirements

23   of the PSLRA and provides potential class members with the information necessary to make an informed

24   decision regarding the proposed settlement.[3]  The Court, therefore, **CONDITIONALLY APPROVES**

25   the proposed notice, subject to this requirement.

26

27   [3]In the final approval papers, the Court also expects to see how counsel calculated the plan of allocation and illustrate the calculation using the number of damaged shares and final settlement amount

28   so that the Court will be able to determine whether the plan of allocation is fair, reasonable and adequate.  Counsel should also include supporting information from their damages consultant(s).

<u>**ORDER**</u>

WHEREAS, a consolidated action is pending before this Court styled *In re Wireless Facilities, Inc., Securities Litigation*, Master File No. 04-CV-1589-JAH(NLS) (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the Settlement of this Action, in accordance with a Stipulation of Settlement dated as of June 13, 2008 (the "Stipulation"), which, together with the exhibits annexed thereto set forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2.     A hearing (the "Final Approval Hearing") shall be held before this Court on ***December 3, 2008, at 2:30p.m.***, in Courtroom F of the United States District Court for the Southern District of California, Edward J. Schwartz U.S. Courthouse, 940 Front Street, San Diego, CA 92101 to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in 1.15 of the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Plaintiffs' Lead Counsel and reimbursement of expenses to Lead Plaintiffs.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies solely for purposes of effectuating this Settlement a Settlement Class defined as all Persons who purchased or otherwise acquired Wireless Securities during the period from and including May 5, 2003 to August 4, 2004 and who were damaged thereby.  Excluded from the Settlement Class are Defendants, any entity in which the Defendants have a controlling interest or that is a parent or subsidiary of or is controlled by the Defendants, Defendants' officers and directors, including any person who was an officer or director during the Settlement Class Period, Defendants' affiliates, legal representatives, heirs, predecessors,

1   successors and/or assigns, and immediate family. Also excluded from the Settlement Class are those

2   Persons who timely and validly request exclusion from the Settlement Class.

3       4.      The Court finds, solely for the purposes of the Settlement, that the prerequisites for a

4   class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in

5   that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class

6   Members in the class action is impracticable; (b) there are questions of law and fact common to the

7   Settlement Class that predominate over any individual question; (c) the claims of the Lead Plaintiffs are

8   typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel have fairly and

9   adequately represented and protected the interests of Settlement Class Members; and (e) a class action is

10  superior to other available methods for the fair and efficient adjudication of the controversy.

11      5.      Certification of the Settlement Class for purposes of the Settlement shall not constitute

12  certification of the Settlement Class for any other purposes.

13      6.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the

14  firm of Gilardi & Co. LLC, 3301 Kerner Boulevard, San Rafael, CA 94901 ("Claims Administrator") to

15  supervise and administer the notice procedure as well as the processing of claims as more fully set forth

16  below:

17          (a)      Not later than ***September 22, 2008*** (the "Notice Date"), the Claims Administrator

18  shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed

19  as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who

20  can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

21          (b)      Not later than ***October 2, 2008***, the Claims Administrator shall cause the

22  Summary Notice substantially in the form annexed as Exhibit A-3 hereto, to be published once in the

23  national edition of Investor's Business Daily; and

24          (c)      Not later than ***October 7, 2008***, Plaintiffs' Lead Counsel shall serve on

25  Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and

26  publishing.

27      7.      Defendants shall provide the Claims Administrator Wireless's shareholder or other lists,

28  as it or its transfer agent may possess, as appropriate for providing notice to the Settlement Class, ***within***

04cv1589 NLS

1  **three (3) calendar days following the entry of this Order**.  Defendants shall provide this information

2  at no cost to Plaintiffs' Lead Counsel, Lead Plaintiffs or the Settlement Class.

3       8.     Nominees who purchased Wireless Securities for the benefit of another Person during the

4  period May 5, 2003 to August 4, 2004, inclusive, shall be requested to send the Notice and the Proof of

5  Claim and Release to all such beneficial owners of Wireless Securities **within ten (10) days after**

6  **receipt thereof, or** send a list of the names and addresses of such beneficial owners to the Claims

7  Administrator **within ten (10) days of receipt thereof**, in which event the Claims Administrator shall

8  promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

9       9.     All fees, costs, and expenses incurred in identifying and notifying Members of the

10  Settlement Class shall be paid from the Settlement Fund and in no event shall Defendants bear any

11  responsibility for such fees, costs, or expenses.

12       10.     All Members of the Settlement Class shall be bound by all determinations and judgments

13  in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

14       11.     Settlement Class Members who wish to participate in the Settlement shall complete and

15  submit the Proof of Claim and Release in accordance with the instructions contained therein.  Unless the

16  Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than **ninety**

17  **(90) days from the Notice Date**.  Any Settlement Class Member who does not timely submit a Proof of

18  Claim and Release within the time provided shall be barred from sharing in the distribution of the

19  proceeds of the Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound

20  by any Final Judgment entered by the Court.  Notwithstanding the foregoing, Plaintiffs' Lead Counsel

21  shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so

22  long as distribution of the Settlement Fund is not materially delayed thereby.

23       12.     Any Member of the Settlement Class may enter an appearance in the Action, at his, her,

24  or its own expense, individually or through counsel of their own choice.  If they do not enter an

25  appearance, they will be represented by Plaintiffs' Lead Counsel.

26       13.     Any Person falling within the definition of the Settlement Class may, upon request, be

27  excluded or "opt out" from the Settlement Class.  Any such Person must submit to the Claims

28  Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than

04cv1589 NLS

1   ***November 7, 2008***.  A Request for Exclusion must be signed and state: (a) the name, address, and

2   telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales

3   of Wireless Securities during the Settlement Class Period, including the dates, the number of shares of

4   Wireless stock purchased and/or otherwise acquired, and price paid or received for each such purchase,

5   acquisition or sale; and (c) that the Person wishes to be excluded from the Settlement Class.  All Persons

6   who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have

7   no rights under the Stipulation, shall not share in the distribution of the Settlement Fund, and shall not be

8   bound by the Stipulation or the Final Judgment.

9       14.    Plaintiffs' Lead Counsel shall cause to be provided to Defendants' Counsel copies of all

10   Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as

11   possible and in any event within no more than **five (5) days after the postmark deadline** for submitting

12   Requests for Exclusion.

13      15.    Any Member of the Settlement Class may appear and show cause, if he, she, or it has any

14   reason why the proposed Settlement of the Action should not be approved as fair, reasonable and

15   adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be

16   approved, why attorney fees and expenses should not be awarded to counsel for the Lead Plaintiffs;

17   provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to

18   contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the

19   Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or

20   any attorney fees and expenses to be awarded to counsel for Lead Plaintiffs, unless written objections

21   and copies of any papers and briefs are received by Keith Park, Coughlin Stoia Geller Rudman &

22   Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, Benjamin J. Sweet,

23   Schiffrin Barroway Topaz & Kessler, LLP, 280 King of Prussia Road, Radnor, Pennsylvania 19087, and

24   Tyson E. Marshall, Morrison & Foerster, LLP, 12531 High Bluff Drive, Suite 100, San Diego,

25   California 92130, on or before ***November 7, 2008***; and said objections, papers and briefs are filed with

26   the Clerk of the United States District Court for the Southern District of California, on or before

27   ***November 7, 2008***.  Any Member of the Settlement Class who does not make his, her or its objection in

28   the manner provided shall be deemed to have waived such objection and shall forever be foreclosed

1  from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as

2  incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorney fees and expenses

3  to Plaintiffs' Lead Counsel or the Lead Plaintiffs, unless otherwise ordered by the Court.

4      16.     In the event that a Settlement Class Member timely and properly files and serves a written

5  objection, Plaintiffs' Lead Counsel and/or Defendants' Counsel may file and serve materials responding

6  to any such objection on or before ***November 17, 2008***.

7      17.     All funds held by the Escrow Agents shall be deemed and considered to be in *custodia*

8  *legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be

9  distributed pursuant to the Stipulation and/or further order(s) of the Court.

10     18.     All papers in support of the Settlement, the Plan of Allocation, and the application by

11  Plaintiffs' Lead Counsel for attorney fees or expenses shall be filed and served no later than ***October 7,***

12  ***2008***.

13     19.     Neither Defendants nor their Related Parties shall have any responsibility for the Plan of

14  Allocation or any application for attorney fees or expenses submitted by Plaintiffs' Lead Counsel, and

15  such matters will be considered separately from the fairness, reasonableness, and adequacy of the

16  Settlement.

17     20.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of

18  Allocation proposed by Plaintiffs' Lead Counsel, and any application for attorney fees or expenses

19  should be approved.

20     21.     All reasonable expenses incurred in identifying and notifying Settlement Class Members

21  as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the

22  Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs

23  nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or

24  disbursed pursuant to 2.8 or 2.11 of the Stipulation.

25     22.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or

26  proceedings connected with it, shall be construed as an admission or concession by Defendants of the

27  truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

28  / / /

04cv1589 NLS

1       23.     The Court reserves the right to adjourn the date of the Final Approval Hearing without

2 further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further

3 applications arising out of or connected with the proposed Settlement. The Court may approve the

4 Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without

5 further notice to the Settlement Class.

6       **IT IS SO ORDERED.**

7 Dated: *9-3-08*

8

9                                    NITA L. STORMES

10                                    United States Magistrate Judge

**INDEX OF EXHIBITS**

| **Exhibit** | **Exhibit No.** |
|---|---|
| Notice of Pendency and Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice | A-3 |

16

A-1

1   COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
2   KEITH F. PARK (54275)
    HELEN J. HODGES (131674)
3   MICHAEL J. DOWD (135628)
    AMBER L. ECK (177882)
4   COURTLAND W. CREEKMORE (182018)
    655 West Broadway, Suite 1900
5   San Diego, CA  92101
    Telephone: 619/231-1058
6   619/231-7423 (fax)

7   SCHIFFRIN BARROWAY TOPAZ
        & KESSLER, LLP
8   GREGORY M. CASTALDO
    BENJAMIN J. SWEET
9   JENNIFER L. KEENEY
    280 King of Prussia Road
10  Radnor, PA  19087
    Telephone: 610/667-7706
11  610/667-7056 (fax)

12  Co-Lead Counsel for Plaintiffs

13                      UNITED STATES DISTRICT COURT

14                    SOUTHERN DISTRICT OF CALIFORNIA

15  In re WIRELESS FACILITIES, INC.        )   Master File No. 04-CV-1589-JAH(NLS)
    SECURITIES LITIGATION                  )
16  ─────────────────────────────────      )   CLASS ACTION
                                           )
17  This Document Relates To:              )   NOTICE OF PENDENCY AND PROPOSED
                                           )   SETTLEMENT OF CLASS ACTION
18        ALL ACTIONS.                     )
    ─────────────────────────────────      )   EXHIBIT A-1
19

20

21

22

23

24

25

26

27

28

1       *If you purchased or otherwise acquired Wireless Facilities, Inc. ("Wireless") securities*

2 *during the period from May 5, 2003 to and including August 4, 2004 (the "Settlement Class*

3 *Period") and are not otherwise excluded from the Settlement Class, you could get a payment from*

4 *a class action settlement.*

5       A federal court authorized this Notice. This is not a solicitation from a lawyer.

6       **Security and Time Period**: Wireless securities purchased or otherwise acquired between

7 May 5, 2003 and August 4, 2004, inclusive ("Wireless Securities").

8       **Settlement Fund:** $12,000,000 in cash. Your recovery will depend on the type and amount

9 of Wireless Securities purchased and/or otherwise acquired and the timing of your purchases,

10 acquisitions and any sales. Based on the information currently available to Lead Plaintiffs and the

11 analysis performed by their damage consultants, it is estimated that if Settlement Class Members

12 submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described

13 below), the estimated average distribution per eligible share will be approximately $0.35 before

14 deduction of Court-approved fees and expenses. Historically, actual claims rates are less than 100%,

15 which results in a higher distribution per share. A Settlement Class Member's actual recovery will

16 be a proportion of the Net Settlement Fund (as defined below) determined by that claimant's

17 recognized claim as compared to the total recognized claims of all Settlement Class Members who

18 submit acceptable Proof of Claim and Release forms.

19       **Reasons for Settlement:** Avoids the costs and risks associated with continued litigation,

20 including danger of no recovery.

21       **If the Case Had Not Settled:** Continuing with the case could have resulted in dismissal or

22 loss at trial or on appeal. The two sides vigorously disagree on both liability and the amount of

23 money that could have been won if Lead Plaintiffs prevailed at trial. The parties disagree about: (1)

24 the method for determining whether Wireless Securities were artificially inflated during the relevant

25 period; (2) the amount of any such inflation; (3) whether there was any wrongdoing on the part of

26 Defendants, including whether Defendants acted recklessly or intentionally in reporting Wireless's

27 financial results during the relevant period; (4) the extent that various facts alleged by Lead Plaintiffs

28 influenced the trading price of Wireless Securities during the relevant period; and (5) whether the

           04-CV-1589-JAH(NLS)

1   facts alleged were material, false, misleading or otherwise actionable under the federal securities

2   laws.

3          **Attorney Fees and Expenses:** Court-appointed Plaintiffs' Lead Counsel will ask the Court

4   for attorney fees of 25% of the Settlement Fund and expenses not to exceed $425,000.00 to be paid

5   from the Settlement Fund, plus interest.  If the above amounts are requested and approved by the

6   Court, the average cost per eligible share will be $0.10.  Plaintiffs' Lead Counsel have not received

7   any payment for their work investigating the facts, conducting this Action and negotiating this

8   settlement on behalf of the Lead Plaintiffs and the Settlement Class.

9          **Deadlines:**

10              Submit Claim:          _____, 2008

11               Request Exclusion:      _____, 2008

12               File Objection:          _____, 2008

13         **Court Hearing on Fairness of Settlement:** _____, 2008

14         **More Information:** www.gilardi.com or

15         Claims Administrator:              Representatives of Plaintiffs' Lead
                                                               Counsel:

16  *Wireless Facilities Securities Litigation*
       Claims Administrator               Rick Nelson

17         c/o Gilardi & Co. LLC            Shareholder Relations
       P.O. Box 8040                   Coughlin Stoia Geller

18         San Rafael, CA 94912-8040      Rudman & Robbins LLP
                                                      655 West Broadway, Suite 1900

19                                                        San Diego, CA  92101

20                                                       Benjamin J. Sweet
                                                     Schiffrin Barroway Topaz

21                                                       & Kessler, LLP

22                                                      280 King of Prussia Road
                                                     Radnor, PA  19087

23    •  Your legal rights are affected whether you act, or don't act.  Read this Notice carefully.

24  **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

25  **SUBMIT A CLAIM FORM**       The only way to get a payment.

26  **EXCLUDE YOURSELF**           Get no payment.  This is the only option that allows you to

27                                        participate in another lawsuit against the Defendants and the

28

| | | |
|---|---|---|
| | | other Released Parties relating to the legal claims in this case. |
| **OBJECT** | | You may write to the Court if you don't like this settlement. |
| **GO TO A HEARING** | | You may ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | | Get no payment.  Give up rights. |

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1.     Why did I get this notice package?**

You or someone in your family may have purchased or otherwise acquired Wireless Securities between May 5, 2003 and August 4, 2004, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves the proposed settlement and after any objections or appeals (if there are any) are resolved, and after processing of claims is complete, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of California, and the case is known as *In re Wireless Facilities, Inc. Securities Litigation*, Master File No. 04-CV-1589-JAH(NLS).  The pension fund and individual that were appointed by the Court to direct this case are called the Lead Plaintiffs and the company and the individuals that were sued are called Defendants.

**2.      What is this lawsuit about?**

This Action alleges that Wireless and certain individual defendants violated the federal securities laws by making false and misleading statements regarding Wireless's financial results causing Wireless Securities (*i.e.*, all of the publicly traded securities of Wireless) to trade at artificially inflated levels during the Settlement Class Period.

Defendants deny all of Lead Plaintiffs' allegations and that they did anything wrong. Defendants also deny that Lead Plaintiffs or the Settlement Class suffered damages or that the prices of Wireless Securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

**3.      Why is this a Class Action?**

In a class action, one or more people called class representatives (in this case, the Court-appointed Lead Plaintiffs, Mitchell Gelnick and NECA-IBEW Pension Fund) sue on behalf of people and/or entities who have similar claims. All of these people and/or entities are called a class or class members. One court resolves the issues for all class members, except for those who exclude themselves from the class. United States Magistrate Judge Nita L. Stormes is in charge of this case.

**4.      Why is there a settlement?**

The Court did not decide in favor of Lead Plaintiffs or Defendants. Instead, the lawyers for both sides of the lawsuit have negotiated a settlement, with the assistance of a highly respected mediator, Honorable Daniel Weinstein (Ret.), that they believe is in the best interests of their respective clients. The settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Settlement Class Members to be compensated without further delay. The Lead Plaintiffs and their attorneys think the settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to determine if you are a Settlement Class Member.

04-CV-1589-JAH(NLS)

**5.     How do I know if I am part of the settlement?**

The Settlement Class includes *all persons who purchased or otherwise acquired Wireless Securities during the period from May 5, 2003 to and including August 4, 2004*, inclusive, and were damaged thereby.

**6.     Are there exceptions to being included in the Settlement Class?**

Yes.   Excluded from each Settlement Class are Defendants; any entity in which the Defendants have a controlling interest or that is a parent or subsidiary of or is controlled by the Defendants, Defendants' officers and directors, including any person who was an officer or director during the Settlement Class Period, Defendants' affiliates, legal representatives, heirs, predecessors, successors and/or assigns and immediate family.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class.

**7.     I'm still not sure if I am included.**

If you still are not sure whether you are included, you can ask for free help.  You can call 1-800-945-9431 or visit www.gilardi.com for more information; or, you can call Rick Nelson at 1-800-449-4900 for more information or Benjamin J. Sweet at 610-667-7706; or you can fill out and return the claim form described in Question 10 to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**8.     What does the settlement provide?**

Defendants have agreed to pay $12,000,000 in cash (the "Settlement Fund") to be divided among all eligible Settlement Class Members who send in valid claim forms ("Authorized Claimants"), after payment of Court-approved attorney fees and expenses, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund").

**9.     How much will my payment be?**

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Settlement Class Members send in and how many shares of stock or options you purchased or otherwise acquired during the relevant period and when you bought and sold them.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A claim will be calculated as follows:

### COMMON STOCK

1.      For shares of Wireless common stock purchased from May 5, 2003 through August 4, 2004, and

(a)      sold prior to August 5, 2004, the claim per share is $0;

(b)      retained at the end of August 4, 2004, the claim per share is the lesser of: (i) the purchase price less $6.60 (90-day average closing price following the Settlement Class Period); or (ii) the alleged inflation amount of $2.00.

### CALL OPTIONS

1.      For Call Options on Wireless common stock  purchased between May 5, 2003 through August 4, 2004, and,

(a)      owned at the end of August 4, 2004, the claim per Call Option is the difference between the price paid for the Call Option less the proceeds received upon the settlement of the Call Option contract;

(b)      not owned at the end of August 4, 2004, the claim per Call Option is $0.

2.      For Call Options on Wireless common stock written between May 5, 2003 through August 4, 2004, the claim per call option is $0.

### PUT OPTIONS

1.      For Put Options on Wireless common stock written between May 5, 2003 through August 4, 2004, and

1        (a)    owned at the end of August 4, 2004, the claim per Put Option is the difference

2  between the amount paid upon settlement of the Put Option contract less the initial proceeds received

3  upon the sale of the Put Option contract;

4        (b)    not owned at the end of August 4, 2004, the claim per Put Option is $0.

5      2.    For Put Options on Wireless common stock purchased between May 5, 2003 through

6  August 4, 2004, the claim per Put Option is $0.

7      Note: In the case the option was exercised for Wireless common stock, the amount paid, or

8  proceeds received, upon the settlement of the option contract equals the intrinsic value of the option

9  using Wireless common stock's closing price on the date the option was exercised. For the purposes

10  of this allocation, the aggregate amount to be allocated to option holders shall not exceed 3% of the

11  Net Settlement Fund

12      The date of purchase or sale is the "contract" or "trade" date as distinguished from the

13  "settlement" date.

14      For Settlement Class Members who held Wireless Securities at the beginning of the

15  Settlement Class Period or made multiple purchases or other acquisitions or sales during the

16  Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings,

17  purchases and sales for purposes of calculating a claim. Under the FIFO method, sales of Wireless

18  Securities during the Settlement Class Period will be matched against the same type of security, in

19  chronological order, first against securities held at the beginning of the Settlement Class Period. The

20  remaining sales of securities during the Settlement Class Period will then be matched, in

21  chronological order, against securities purchased during the Settlement Class Period.

22      An Authorized Claimant will be eligible to receive a distribution from the Net Settlement

23  Fund only if a Settlement Class Member had a net loss, after all profits from transactions in Wireless

24  Securities during the Settlement Class Period are subtracted from all losses. However, the proceeds

25  from sales of securities which have been matched against securities held at the beginning of the

26  Settlement Class Period will not be used in the calculation of such net loss. No distributions will be

27  made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

28

1     The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement

2   Class Member on equitable grounds.

3     Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all

4   Authorized Claimants.  No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Lead

5   Counsel or any claims administrator or other Person designated by Plaintiffs' Lead Counsel or

6   Defendants and/or the Related Parties and/or their counsel based on distributions made substantially

7   in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or

8   further orders of the Court.  All Settlement Class Members who fail to complete and file a valid and

9   timely Proof of Claim and Release form shall be barred from participating in distributions from the

10   Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of

11   the terms of the Stipulation, including the terms of any judgment entered and the releases given.

12   **HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

13   **10.   How will I get a payment?**

14     To qualify for a payment, you must send in a claim form.  A claim form is enclosed with this

15   Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks

16   for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2008.

17   **11.   When would I get my payment?**

18     The Court will hold a hearing on _____, 2008, at __ __m., to decide whether to approve the

19   settlement.  If Judge Stormes approves the settlement, there may be appeals.  It is always uncertain

20   whether these appeals can be resolved favorably, and resolving them can take time, perhaps more

21   than a year.  It also takes time for all the claim forms to be processed.  If there are no appeals and

22   depending on the number of claims submitted, the Claims Administrator could distribute the

23   settlement funds as early as nine months after the fairness hearing.  Please be patient.

24   **12.   What am I giving up to get a payment or stay in the Settlement Class?**

25     Unless you exclude yourself, you are staying in the Settlement Class, and that means that you

26   cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same

27   issues in this case or that could have been asserted in this case.  It also means that all of the Court's

28   orders will apply to you and legally bind you and you will release your Released Claims in this case

1   against the Defendants.  Released Claims shall collectively mean all claims or causes of action

2   (including Unknown Claims), demands, rights, liabilities, suits, debts, obligations and causes of

3   action of every nature and description whatsoever, known or unknown, contingent or absolute,

4   mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that

5   might have been asserted against the Defendants and Released Parties based upon, arising out of, or

6   related to both: (i) any of the facts, transactions, events, occurrences, disclosures, statements, acts,

7   omissions or failures to act which were or could have or might have been alleged in or embraced or

8   otherwise referred to or encompassed by the Action, and (ii) which arise out of the purchase or other

9   acquisition of Wireless Securities during the Settlement Class Period, regardless of upon what legal

10   theory based, whether legal or equitable, including, without limitation, claims for negligence, gross

11   negligence, fraud, breach of fiduciary duty, breach of the duty of care or loyalty or violations of the

12   common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or

13   federal statutes, rules or regulations.  Released Claims does not include any of the claims asserted in

14   *In re Wireless Facilities Securities Litigation II*, Master File No. 07-CV-0482 BTM (NLS) (S.D.

15   Cal.) ("*Wireless 2007*"); *In re Wireless Facilities, Inc. Deriv. Litig.*, GIC 834253 (San Diego Super.

16   Ct.); *In re Wireless Facilities, Inc. Deriv. Litig.*, Case No. 04CV1663-JAH (NLS) (S.D. Cal.);

17   *Hameed v. Tayebi, et al.*, Case No. 07CV0680 BTM (RBB) (S.D. Cal.).  Also excluded from the

18   Released Claims are any and all claims that have been asserted or could be asserted against the

19   Defendants under the Securities Act of 1933, the Securities Exchange Act of 1934, or any other

20   laws, for any conduct complained of in *In re Wireless Facilities, Inc. Initial Public Offering*

21   *Securities Litigation*, 01 Civ. 4779 (SAS)(MBM), as coordinated for pretrial purposes in *In re Initial*

22   *Public Offering Securities Litigation*, Master File No. 21-mc-00092-SAS, pending in the United

23   States District Court for the Southern District of New York.

24   **EXCLUDING YOURSELF FROM THE SETTLEMENT**

25        If you don't want a payment from this settlement, but you want to keep the right to sue or

26   continue to sue the Defendants on your own about the same issues in this case, then you must take

27   steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to

28   as opting out of the Settlement Class.

**13.    How do I get out of the Class?**

To exclude yourself from the Class, you must send a letter by mail stating that you want to be excluded from *In re Wireless Facilities, Inc., Securities Litigation*, Master File No. 04-CV-1589-JAH(NLS).  You must include your name, address, telephone number, your signature, and the number and type of Wireless Securities you purchased and/or otherwise acquired between May 5, 2003 and August 4, 2004, inclusive, the number and type of Wireless Securities sold during this time period, if any, and the dates and prices of such purchases, acquisitions and sales.  You must mail your exclusion request postmarked no later than ____, 2008 to:

> *Wireless Facilities Securities Litigation*
> EXCLUSIONS
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

You cannot exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.

**14.    If I don't exclude myself, can I sue Defendants for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves.  Remember, the exclusion deadline is _____, 2008.

**15.    If I exclude myself, can I get money from this settlement?**

No.  If you exclude yourself, do not send in a claim form to ask for any money.  Once you exclude yourself, you will receive no cash payment even if you also submit a claim form, unless you withdraw your notice of exclusion before the deadline.

### THE LAWYERS REPRESENTING YOU

**16.    Do I have a lawyer in this case?**

The Court appointed the law firms of Coughlin Stoia Geller Rudman & Robbins LLP and Schiffrin Barroway Topaz & Kessler, LLP to represent you and other Settlement Class Members. These lawyers are called Plaintiffs' Lead Counsel.  You will not be charged for these lawyers' work. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How will the lawyers be paid?**

At the settlement hearing, Plaintiffs' Lead Counsel will request the Court to award attorney fees of 25% of the Settlement Fund and for expenses of up to $425,000.00 which were advanced in connection with the Action, plus interest earned on such amounts at the same rate as earned on the Settlement Fund.  If awarded the cost would be $0.10 per eligible share.  In addition, one of the Lead Plaintiffs in the Action may seek up to $2,000.00 for his expenses incurred (including lost wages) in prosecuting the Action.  This reimbursement will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  To date, Plaintiffs' Lead Counsel have not received any payment for their services in conducting this Action on behalf of the Lead Plaintiffs and the Settlement Class, nor have Plaintiffs' Lead Counsel or the Lead Plaintiffs been reimbursed for their expenses.  The fee requested will compensate Plaintiffs' Lead Counsel for their work in achieving the Settlement Fund and is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

<b>OBJECTING TO THE SETTLEMENT</b>

You can tell the Court that you don't agree with the settlement or some part of it.

**18.    How do I tell the Court that I don't like the settlement?**

If you are a Settlement Class Member, (and you have not excluded yourself), you can object to the settlement if you do not like any part of it.  You can give reasons why you think the Court should not approve the settlement.  The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed settlement in *In re Wireless Facilities Inc., Securities Litigation*, Master File No. 04-CV-1589-JAH(NLS).  Be sure to include your name, address, telephone number, your signature, the number and type of shares of Wireless Securities purchased or otherwise acquired and sold between May 5, 2003 and August 4, 2004, inclusive, and the reasons you object to the settlement.  Any objection to the settlement must be mailed or delivered such that it is received by each of the following no later than _____, 2008:

CLERK OF THE COURT<br>UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

880 Front St., Suite 4290
San Diego, CA 92101

COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
KEITH F. PARK
655 West Broadway, Suite 1900
San Diego, CA 92101

SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
BENJAMIN J. SWEET
280 King of Prussia Road
Radnor, PA 19087

Plaintiffs' Lead Counsel

MORRISON & FOERSTER, LLP
TYSON E. MARSHALL
12531 High Bluff Drive, Suite 100
San Diego, CA 92130

Defendants' Counsel

**19.    What is the difference between objecting to the settlement and excluding myself from the settlement?**

Objecting is telling the Court that you do not like something about the proposed settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer applies to you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend, but you don't have to.

**20.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a settlement hearing at __ __.m., on _____, 2008, at the United States District Court for the Southern District of California, located at 940 Front St., San Diego, CA 92101. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court will also decide whether to approve the payment of fees, costs and expenses to Plaintiffs' Lead Counsel, including the award to one of the Lead Plaintiffs to compensate him for his time and effort in this case. We do not know how long the hearing will take

1  or whether the Judge will make her decision about the settlement on the day of the hearing or

2  sometime later.

3      **21.    Do I have to come to the hearing?**

4      No. Plaintiffs' Lead Counsel will answer questions Judge Stormes may have. But, you are

5  welcome to come at your own expense. If you send an objection, you don't have to come to Court to

6  talk about it. As long as you mailed your written objection on time, the Court will consider it. You

7  may also pay your own lawyer to attend, but it is not necessary.

8      **22.    May I speak at the hearing?**

9      You may ask the Court for permission to speak at the settlement hearing. To do so, you must

10  send a letter saying that it is your intention to appear in *In re Wireless Facilities Inc., Securities*

11  *Litigation*, Master File No. 04-CV-1589-JAH(NLS). Be sure to include your name, address,

12  telephone number, your signature, and the number and type of shares of Wireless Securities

13  purchased and/or otherwise acquired between May 5, 2003 and August 4, 2004. Your notice of

14  intention to appear must be received no later than _____, 2008, by the Clerk of the

15  Court, Plaintiffs' Lead Counsel, and Defendants' Counsel, at the addresses listed in Question 18.

16  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

17

18                          **IF YOU DO NOTHING**

19      **23.    What happens if I do nothing at all?**

20      If you do nothing, you'll get no money from this settlement. But, unless you exclude

21  yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit

22  against the Defendants about the same issues in this case.

23                        **GETTING MORE INFORMATION**

24      **24.    Are there more details about the settlement?**

25      This Notice summarizes the proposed settlement. More details are in the Stipulation of

26  Settlement dated as of June 13, 2008 which has also been filed with the Court. You can get a copy

27  of the Stipulation of Settlement from the Clerk's office at the United States District Court for the

28

Southern District of California, 880 Front St., Suite 4290, San Diego, California 92101, during regular business hours or at www.gilardi.com.

### 25.    How do I get more information?

You can call 1-800-449-4900 or write to representatives of Plaintiffs' Lead Counsel, Rick Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or Benjamin J. Sweet, Schiffrin Barroway Topaz & Kessler, LLP, 280 King of Prussia Road, Radnor, PA 19087, or visit the Claims Administrator's website at www.gilardi.com. *Please do not call the Court or the Clerk of the Court for additional information about the settlement.*

### 26.    Special notice to nominees

If you hold any Wireless Securities purchased between May 5, 2003 and August 4, 2004, inclusive, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either:  (1) send a copy of this Notice and Proof of Claim and Release by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

> *Wireless Facilities Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

- 14 -                                          04-CV-1589-JAH(NLS)

1     Regardless of whether you choose to complete the mailing yourself or elect to have the

2 mailing performed for you, you may obtain reimbursement for or advancement of reasonable

3 administrative costs actually incurred in connection with forwarding the Notice and Proof of Claim

4 and Release and which would not have been incurred but for the obligation to forward the Notice,

5 upon submission of appropriate documentation to the Claims Administrator.

6 DATED: _____, 2008          BY ORDER OF THE COURT
                                              UNITED STATES DISTRICT COURT
7                                             SOUTHERN DISTRICT OF CALIFORNIA

8 S:\Settlement\Wireless 04.set\V2 8-7 Exhibit A-1-MJD Version.doc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  KEITH F. PARK (54275)
  HELEN J. HODGES (131674)
3  MICHAEL J. DOWD (135628)
  AMBER L. ECK (177882)
4  TRICIA L. McCORMICK (199239)
  COURTLAND W. CREEKMORE (182018)
5  655 West Broadway, Suite 1900
  San Diego, CA 92101
6  Telephone: 619/231-1058
  619/231-7423 (fax)
7

8  SCHIFFRIN BARROWAY TOPAZ
     & KESSLER, LLP
  GREGORY M. CASTALDO
9  BENJAMIN J. SWEET
  JENNIFER L. KEENEY
10  280 King of Prussia Road
  Radnor, PA 19087
11  Telephone: 610/667-7706
  610/667-7056 (fax)
12

13  Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re WIRELESS FACILITIES, INC. SECURITIES LITIGATION | ) ) ) ) | Master File No. 04-CV-1589-JAH(NLS) |
|---|---|---|
| | | CLASS ACTION |
| This Document Relates To: | ) ) ) | PROOF OF CLAIM AND RELEASE |
| ALL ACTIONS. | ) ) ) | EXHIBIT A-2 |

1  **I.     GENERAL INSTRUCTIONS**

2      1.      To recover as a member of the Settlement Class based on your claims in the action

3  entitled *In re Wireless Facilities, Inc., Securities Litigation*, Master File No. 04-CV-1589-JAH(NLS)

4  (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release

5  form.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and

6

7  Release form, your claim may be rejected and you may be precluded from any recovery from the

8  Settlement Fund created in connection with the proposed settlement of the Action.

9      2.      Submission of this Proof of Claim and Release form, however, does not assure that

10  you will share in the proceeds of the settlement of the Action.

11      3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM

12  AND RELEASE FORM POSTMARKED ON OR BEFORE _____, 2008 ADDRESSED

13  AS FOLLOWS:

14

15          *Wireless Facilities Securities Litigation*
           Claims Administrator
16          c/o Gilardi & Co. LLC
           P.O. Box 8040
17          San Rafael, CA 94912-8040

18      4.      If you are NOT a Member of the Settlement Class (as defined in the Notice of

19  Pendency and Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim

20  and Release form.

21      5.      If you are a Member of the Settlement Class and you did not timely request exclusion

22  in connection with the proposed settlement, you are bound by the terms of any judgment entered in

23  the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF

24  OF CLAIM AND RELEASE FORM.

25

26  **II.     DEFINITIONS**

27      1.      "Defendants" means Wireless Facilities, Inc., Masood K. Tayebi, Massih Tayebi,

28  Terry M. Ashwill, Daniel Stokely and Eric DeMarco.

- 1 -                    04-CV-1589-JAH(NLS)

2.     "Wireless" means Wireless Facilities, Inc. (now known as Kratos Defense & Security Solutions, Inc.) and any of its predecessors, successors, parents, subsidiaries, divisions or affiliates.

3.     "Individual Defendants" means Masood K. Tayebi, Massih Tayebi, Terry M. Ashwill, Daniel Stokely and Eric DeMarco.

4.     "Wireless Securities" means the publicly traded securities of Wireless.

## III.   CLAIMANT IDENTIFICATION

If you purchased or otherwise acquired Wireless Securities and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, you purchased or otherwise acquired Wireless Securities and the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer and the third party is the record purchaser or acquirer.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of Wireless Securities which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR ACQUIRER OR PURCHASERS OR ACQUIRERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR ACQUIRER OR PURCHASERS OR ACQUIRERS, OF THE WIRELESS SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Wireless Securities" to supply all required details of your transaction(s) in Wireless Securities. If you need more space or

1 additional schedules, attach separate sheets giving all of the required information in substantially the

2 same form.  Sign and print or type your name on each additional sheet.

3       On the schedules, provide all of the requested information with respect to *all* of your

4 purchases and acquisitions and *all* of your sales of Wireless Securities which took place at any time

5 between May 5, 2003 and August 4, 2004, inclusive (the "Settlement Class Period"), whether such

6 transactions resulted in a profit or a loss.  You must also provide all of the requested information

7 with respect to *all* of the Wireless Securities you held at the beginning of trading on May 5, 2003,

8 and at the close of trading on August 4, 2004.  Failure to report all such transactions may result in

9 the rejection of your claim.

10       List each transaction in the Settlement Class Period separately and in chronological order, by

11 trade date, beginning with the earliest.  You must accurately provide the month, day and year of each

12 transaction you list.

13       The date of covering a "short sale" is deemed to be the date of purchase of Wireless

14 Securities.  The date of a "short sale" is deemed to be the date of sale of Wireless Securities.

15       Copies of broker confirmations or other documentation of your transactions in Wireless

16 Securities should be attached to your claim.  Failure to provide this documentation could delay

17 verification of your claim or result in rejection of your claim.

18

19

20

21

22

23

24

25

26

27

28

04-CV-1589-JAH(NLS)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

*In re Wireless Corporation Securities Litigation*

Master File No. 04-CV-1589-JAH(NLS)

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2008

<u>Please Type or Print</u>

PART I:        CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____        _____
City                                              State or Province

_____        _____
Zip Code or Postal Code                Country

_____    _____        Individual
Social Security Number or          _____        Corporation/Other
Taxpayer Identification Number

_____    _____
Area Code            Telephone Number (work)

_____    _____
Area Code            Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

PART II:     SCHEDULE OF TRANSACTIONS IN WIRELESS SECURITIES

A.     Number and type of shares of Wireless Securities held at the beginning of trading on May 5, 2003: _____

B.     Purchases/Acquisitions (May 5, 2003 - August 4, 2004, inclusive) of Wireless Securities:

| Trade Date<br>Month Day Year | Number of Shares<br>Purchased/Acquired | Type of Security<br>Purchased/Acquired | Total Purchase/<br>Acquisition<br>Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.     Sales (May 5, 2003 - August 4, 2004, inclusive) of Wireless Securities:

| Trade Date<br>Month Day Year | Number of Shares<br>Sold | Type of Security<br>Sold | Total Sales Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

D.     Number and type of shares of Wireless Securities held at the close of trading on August 4, 2004: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

**V.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release form under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Southern District of California, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Wireless Securities during the Settlement Class Period and know of no other person having done so on my behalf.

**VI.    RELEASE**

1.     I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the "Released Parties," defined as each and all of the Defendants, their past or present directors, officers employees, partners, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders, attorneys, accountants or auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, members of the individual Defendants' immediate families and any trust of which any Defendant is the settler or which is for the benefit of any individual Defendant and/or members of his/her immediate family, and any entity in which a Defendant and/or any member of Defendant's immediate family has or have a controlling interest (directly or indirectly).

2.     "Released Claims" shall collectively mean all claims or causes of action (including Unknown Claims), demands, rights, liabilities, suits, debts, obligations and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that might have been asserted against the Defendants and Released Parties based upon, arising out of, or related to both: (i) any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or

- 6 -                                    04-CV-1589-JAH(NLS)

1    failures to act which were or could have or might have been alleged in or embraced or otherwise

2    referred to or encompassed by the Action, and (ii) which arise out of the purchase or other

3    acquisition of Wireless Securities during the Settlement Class Period, regardless of upon what legal

4    theory based, whether legal or equitable, including, without limitation, claims for negligence, gross

5    negligence, fraud, breach of fiduciary duty, breach of the duty of care or loyalty or violations of the

6    common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or

7    federal statutes, rules or regulations.  Released Claims does not include any of the claims asserted in

8    *In re Wireless Facilities Securities Litigation II*, Master File No. 07-CV-0482 BTM (NLS) (S.D.

9    Cal.) ("*Wireless* 2007"); *In re Wireless Facilities, Inc. Deriv. Litig.*, GIC 834253 (San Diego Super.

10   Ct.); *In re Wireless Facilities, Inc. Deriv. Litig.*, Case No. 04CV1663 JAH (NLS) (S.D. Cal.);

11   *Hameed v. Tayebi, et al.*, Case No. 07CV0680 BTM (RBB) (S.D. Cal.).  Also excluded from the

12   Released Claims are any and all claims that have been asserted or could be asserted against the

13   Defendants under the Securities Act of 1933, the Securities Exchange Act of 1934, or any other

14   laws, for any conduct complained of in *In re Wireless Facilities, Inc. Initial Public Offering*

15   *Securities Litigation*, 01 Civ. 4779 (SAS)(MBM), as coordinated for pretrial purposes in *In re Initial*

16   *Public Offering Securities Litigation*, Master File No. 21-mc-00092-SAS, pending in the United

17   States District Court for the Southern District of New York.

18        3.      This release shall be of no force or effect unless and until the Court approves the

19   Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in

20   the Stipulation).

21        4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or

22   purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

23   release or any other part or portion thereof.

24        5.      I (We) hereby warrant and represent that I (we) have included information about all

25   of my (our) transactions in Wireless Securities which occurred during the Settlement Class Period as

26   well as the number of shares of Wireless Securities held by me (us) at the beginning of trading on

27   May 5, 2003 and at the close of trading on August 4, 2004.

28

- 7 -                      04-CV-1589-JAH(NLS)

6.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of_____
                                                                          (Month/Year)

in _____
              (City)                                (State/Country)

_____
                                        (Sign your name here)

_____
                                   (Type or print your name here)

_____
                              (Capacity of person(s) signing,
                              *e.g.*, Beneficial Purchaser,
                              Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.     Please sign the above release and declaration.

2.     Remember to attach supporting documentation, if available.

3.     Do not send original stock certificates.

4.     Keep a copy of your claim form for your records.

5.     If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.     If you move, please send us your new address.

S:\Settlement\Wireless 04.set\V2 8-7 Exhibit A-2-MJD Version.doc



A-3

1   COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2   KEITH F. PARK (54275)
    HELEN J. HODGES (131674)
3   MICHAEL J. DOWD (135628)
    AMBER L. ECK (177882)
4   TRICIA L. McCORMICK (199239)
    COURTLAND W. CREEKMORE (182018)
5   655 West Broadway, Suite 1900
    San Diego, CA  92101
6   Telephone:  619/231-1058
    619/231-7423 (fax)
7
    SCHIFFRIN BARROWAY TOPAZ
8     & KESSLER, LLP
    GREGORY M. CASTALDO
9   BENJAMIN J. SWEET
    JENNIFER L. KEENEY
10  280 King of Prussia Road
    Radnor, PA  19087
11  Telephone:  610/667-7706
    610/667-7056 (fax)
12
    Co-Lead Counsel for Plaintiffs
13
                    UNITED STATES DISTRICT COURT
14
                  SOUTHERN DISTRICT OF CALIFORNIA
15

| | | |
|---|---|---|
16 | In re WIRELESS FACILITIES, INC. SECURITIES LITIGATION | ) ) ) | Master File No. 04-CV-1589-JAH(NLS) |
17 | | ) ) | CLASS ACTION |
18 | This Document Relates To: | ) ) | SUMMARY NOTICE |
19 | ALL ACTIONS. | ) ) ) | EXHIBIT A-3 |

20

21

22

23

24

25

26

27

28

TO:     ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED WIRELESS FACILITIES, INC. ("WIRELESS") SECURITIES DURING THE PERIOD FROM MAY 5, 2003 TO AND INCLUDING AUGUST 4, 2004, INCLUSIVE (THE "SETTLEMENT CLASS").

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Southern District of California, a hearing will be held on _____, at __:__ __.m., before the Honorable Nita L. Stormes, at the United States District Court for the Southern District of California, 940 Front St., San Diego, CA 92101, for the purpose of determining: (1) whether the proposed settlement of the Action for the sum of $12,000,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, this Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated as of June 13, 2008; (3) whether the Plan of Allocation of settlement proceeds is fair, reasonable and adequate and therefore should be approved; (4) whether to approve Plaintiffs' Lead Counsel's application for an award of attorney fees and expenses incurred in connection with this Action, together with interest earned thereon; and (5) whether to approve an application by one of the Lead Plaintiffs for reimbursement of his reasonable costs and expenses.

If you purchased or otherwise acquired Wireless Securities (*i.e.* any publicly traded security of Wireless) between May 5, 2003 and August 4, 2004, inclusive, your rights may be affected by this Action and the settlement thereof. If you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Wireless Facilities Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040 or by downloading this information at www.gilardi.com. If you are a Settlement Class Member, in order to share in the distribution of the Settlement Fund, you must submit a Proof of Claim and Release form postmarked no later than _____, 2008, establishing that you are entitled to a recovery. You will be bound by any judgment rendered in the Action unless you request to be excluded, in writing, to the above address, postmarked by _____, 2008.

Any objection to the settlement must be filed with the Clerk of the Court no later than _____, 2008, and ***received*** by the following no later than _____, 2008:
.

04-CV-1589-JAH(NLS)

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
KEITH F. PARK
655 West Broadway, Suite 1900
San Diego, CA 92101

SCHIFFRIN BARROWAY TOPAZ
 & KESSLER, LLP
BENJAMIN J. SWEET
280 King of Prussia Road
Radnor, PA  19087

*Plaintiffs' Lead Counsel*

MORRISON & FOERSTER, LLP
TYSON E. MARSHALL
12531  High Bluff Drive, Suite 100
San Diego, CA 92130

*Defendants' Counsel*

**PLEASE  DO  NOT  CONTACT  THE  COURT  OR  THE  CLERK'S  OFFICE
REGARDING THIS NOTICE.**

DATED: _____, 2008      BY ORDER OF THE COURT
                                      UNITED STATES DISTRICT COURT,
                                      SOUTHERN DISTRICT OF CALIFORNIA

S:\Settlement\Wireless 04.set\V2 8-7 Exhibit A-3-MJD Version.doc

- 2 -                                04-CV-1589-JAH(NLS)